

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CRIMINAL ACTION NO. 3:00-780-13 |
| vs. § | CIVIL ACTION NO. 3:02-2063-HFF |
| § | |
| MATHEW RYAN SMETANA, § | |
| § | |
| Movant. § | |
| § | |

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE MOTION TO SET ASIDE, VACATE OR CORRECT MOVANT'S SENTENCE**

## I.    INTRODUCTION

This is a § 2255 action. Movant is proceeding *pro se*.[1] Movant seeks to correct his sentence due to ineffective assistance of counsel. The Government has filed a motion for summary judgment. Since Movant is proceeding *pro se*, his § 2255 motion is to be accorded liberal construction, and is held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Even under this less stringent standard, however, the Court is of the opinion that the Government's motion for summary judgment be granted and, accordingly, that Movant's § 2255 motion be denied.

---

[1] Although both parties to this action have moved for relief, the title "Movant" will refer to Mr. Smetana.

## II. FACTUAL AND PROCEDURAL HISTORY

On April 3, 2001, Movant plead guilty to one count of a forty-nine count Superseding Indictment and to one count of a Superseding Information. The Superseding Indictment charged Movant with knowingly distributing and possessing with intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1). The Superseding Information charged that Movant conspired to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. The Superseding Information also listed two prior felony drug convictions. Movant's sentencing hearing was held on August 29, 2001, at which he was sentenced to 140 months of imprisonment and 6 years of supervised release.

Movant filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255 on June 17, 2002. The Government filed its response and its motion for summary judgment on August 30, 2002.

## III. CONTENTIONS OF THE PARTIES

Movant claims that his counsel did not inform him that he could deny the prior felony convictions listed in the Superseding Information prior to sentencing, which resulted in prejudicial error, namely his enhanced sentence.

The Government asserts that Movant acknowledged that his counsel discussed his felony convictions and the pre-sentence report with him.

## IV. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears this initial

burden of informing the Court of the basis for its motions, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)).

"Once the moving party carries its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-23. Hence, the granting of summary judgment involves a three-tier analysis. First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and

inexpensive determination of every action." *Celotex*, 477 U.S. at 327. The primary issue is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251-52. The substantive law of the case identifies which facts are material. *Id*. at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

V.     **DISCUSSION**

    *A.     Voluntariness*

"Before accepting a plea of guilty or *nolo contender*, the courts must address the defendant personally in open court and determine that the plea is voluntary . . . ." Fed. R. Crim. P. 11 (2005). If a plea is determined to be voluntary, then it "is an admission of all the elements of a formal criminal charge, and constitutes an admission of all material facts alleged in the charge." *United States v. Kristopher*, 992 F.2d 489, 490 (4th Cir. 1993) (internal citations omitted).

On April 3, 2001, Movant answered affirmatively to Magistrate Judge Bristow Marchant's question "have each of you received a copy of those charges [brought against you] and have you fully discussed those charges and your case with your attorney?"[2] (Tr. of Guilty Pleas at 18.) The charges referenced by the Magistrate Judge included Movant's prior convictions. Further, Movant answered affirmatively to the Judge's question "have each of you been over these Superseding Informations with your attorneys, does each of you understand the charges and possible penalties associated with these charges as set forth in these Superseding Informations?" (Tr. of Guilty Pleas at 23). Movant demonstrated his understanding of the charges and penalties presented in the Superseding

---

    [2]The Magistrate Judge apparently took several pleas at one time; hence the use of the phrase "each of you."

Information. Most importantly though, Movant understood that if he chose not to plead guilty, the Government would have the burden of proving that he had two prior convictions. Movant entered his plea with this knowledge. His guilty plea conceded the validity of his two prior convictions. (Tr. of Guilty Pleas at 80-82.)

The Magistrate Judge found that Movant was

> [f]ully competent and capable of entering an informed plea and that his . . . plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense for which [he is] charged, . . . and [Movant's] plea should, therefore, be accepted and [Movant] should now be adjudged guilty of the offense as charged.

(Tr. of Guilty Pleas at 111.) Because Movant properly plead guilty to the charges, this Court must accept all elements of the charges, including the prior convictions, as fact.

### B.     Pre-Sentencing Report

Movant's claim that his lawyer failed to advised him about the pre-sentencing report must also fail. At the sentencing hearing, Movant acknowledged that he "had enough time to read and review this report and go over it with [his] lawyer." (Tr. of Sentencing Hearing at 2.) Hence, Movant's acknowledgment that he had notice of the pre-sentencing report precludes him from challenging his enhanced sentence.

### C.     Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel Movant must prove the following two elements:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Wash.*, 466 U.S. 668, 687 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id*. Movant has failed with regards to both elements.

At the sentencing hearing, Movant agreed that he was "fully satisfied with the counsel representation and advice given to [him] in this case by [his] attorney[.]" (Tr. of Guilty Pleas at 20.) On the same day, Movant stated that there was nothing else he wished his attorney do on his behalf. (Tr. of Guilty Pleas at 21.)  As stated above, Movant verified that he had discussed the Pre-Sentencing Report with his attorney to his satisfaction.  (Tr. of Sentencing Hearing at 2.)  Based on these statements, this Court remains unconvinced that Movant's counsel made serious errors as to deprive him of a fair hearing.

In light of the forgoing analysis, Movant fails to meet the standard required to establish ineffective assistance of counsel.

## IV.    CONCLUSION

After a thorough review of the motions, the responses, and the record pursuant to the standard set forth above, and in light of the above analysis, the Court rules that the Government's motion for summary judgment is **GRANTED** and, accordingly, Movant's motion to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS SO ORDERED.**

Signed this 19th day of July, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd

HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has a right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.